THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUCHELL GILBERT,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | CASE NO. C15-1855 JCC<br><br>CASE NO. CR12-0237 JCC<br><br>ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

This matter comes before this Court on Petitioner Ruchell Gilbert's motion to vacate, set aside, or correct his sentence (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, this Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

On April 8, 2014, this Court sentenced Petitioner to 130 months of imprisonment after he pleaded guilty to one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Ruchell Gilbert*, Case No. CR12-0237-JCC, Dkt. No. 806 at 1–2 (W.D. Wash. 2014) ("*Gilbert I*"). In its Statement of Reasons, this Court adopted the Presentence Investigation Report "without change," *Gilbert I*, Dkt. No. 940 at 1, and therefore found that Petitioner was a "career offender" under USSG § 4B1.1(a) because he had

been previously convicted of two "crimes of violence": Robbery Second Degree and Attempting to Elude a Pursuing Police Vehicle. *Id.*, Dkt. No. 790 at 9, 22–23. As a career offender, Petitioner's total offense level was 29, resulting in a Guidelines range of 151–188 months. *Id.*, Dkt. No. 790 at 18. Had Petitioner not been found a career offender, his total adjusted offense level of 26 and criminal history category of IV would have resulted in a Guidelines range of 120–150 months. *Id.* at 20. In addition, he would have been eligible for a two-level downward adjustment, which would have resulted in a Guidelines range of 100–125 months. *Id.*

Petitioner's motion to vacate arrives in the wake of *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In *Johnson*, the Supreme Court ruled on a section of the Armed Career Criminal Act known as the "residual clause," which provided a definition of "violent felony." Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory minimum sentence of 15 years if he has three prior convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that this clause was "unconstitutionally vague." 135 S. Ct. 2557. In doing so, the Court necessarily found the clause "vague in all its applications," *id.* at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. Recently, in *Welch v. United States*, the Court held that *Johnson* applies retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. 136 S. Ct. 1257, 1265 (2016).

Although Petitioner was sentenced as a career offender under the Guidelines rather than under the ACCA, the Guidelines' definition of "crime of violence" includes a sentence identical to the ACCA residual clause. *See* USSG § 4B1.2(a)(2) (providing that a "crime of violence means any offense…[that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony'

ORDER GRANTING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE
PAGE - 2

[as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). The Government admits that Petitioner was sentenced as a career offender under the Guidelines residual clause, (Dkt. No 15 at 6), and "agrees that *Johnson*'s vagueness holding applies" to this clause as well as to that of the ACCA. (*Id.* at 12.)

Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it was unconstitutional under *Johnson* and *Welch*. In response, the Government argues that Petitioner's claim has been waived and is procedurally barred, and that even though *Johnson*'s holding applies to the Guidelines residual clause, it does not do so retroactively.

## II.  DISCUSSION

### A.  28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

The Supreme Court issued its opinion in *Johnson* on June 26, 2015. Petitioner filed his motion on November 19, 2015, less than one year later. (Dkt. No. 1.) The Government does not dispute that Petitioner's claim is timely.

### B.  Waiver

The Government does, however, argue that Petitioner's claim has been waived. As part of

1  his plea agreement, Petitioner expressly waived "any right to bring a collateral attack against the
2  conviction and sentence… except as it may relate to the effectiveness of legal representation."
3  *Ruchell I*, Dkt. No. 573 at 9. Nonetheless, because Petitioner's sentence was unconstitutional, his
4  waiver is ineffective in this instance.
5       In *United States v. Bibler*, the Ninth Circuit held that an "appeal waiver will not apply
6  if… the sentence violates the law." 495 F.3d 621, 624 (9th Cir. 2007). The court explained that a
7  sentence violates the law if it "exceeds the permissible statutory penalty for the crime or violates
8  the Constitution." *Id.* Because the Government admits that Petitioner was sentenced under a
9  Guidelines clause that is unconstitutionally vague after *Johnson*, Petitioner has not waived his
10 right to collaterally attack his sentence.
11       **C.      Procedural Default**
12       The Government next argues that Petitioner's claims are procedurally defaulted because
13 he did not argue either at his sentencing or on appeal that the Guidelines residual clause was
14 unconstitutional. "[T]o obtain collateral relief based on trial errors to which no contemporaneous
15 objection was made, a convicted defendant must show both (1) 'cause' excusing his double
16 procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."
17 *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Petitioner admits that he never
18 contemporaneously objected that the Guidelines residual clause was unconstitutional, but argues
19 that he can show cause and prejudice. (Dkt. No. 18 at 11.)
20       "[A] showing that the factual or legal basis for a claim was not reasonably available to
21 counsel… would constitute cause" excusing a procedural default. *Murray v. Carrier*, 477 U.S.
22 478, 488 (1986). In *Reed v. Ross*, the Supreme Court held that a claim would "almost certainly"
23 not be "reasonably available to counsel" if it is based on a Supreme Court decision that
24 "explicitly overrule[d] one of our precedents." 468 U.S. 1, 17 (1984).
25       Petitioner's claim satisfies this standard because *Johnson*, the case on which Petitioner's
26 claim is based, "explicitly overrule[d]" the holdings in *Sykes v. United States*, 564 U.S. 1 (2011),

ORDER GRANTING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE
PAGE - 4

and *James v. United States*, 550 U.S. 192 (2007). *Johnson*, 134 S. Ct. at 2563. In *Sykes* and *James*, the Court held that the ACCA residual clause was constitutional. *Id.* at 2558–59. Indeed, in *Sykes*, the Court was confronted with a prior conviction roughly equivalent to Petitioner's: fleeing from law enforcement in a vehicle. *Id.* There the Court held that felony vehicle flight was a "violent felony" under the ACCA residual clause. *Sykes*, 564 U.S. at 15–16. Moreover, as Petitioner points out, the Government even cited *Sykes* in arguing that Petitioner's Attempting to Elude conviction was a crime of violence. (Dkt. No. 854 at 12–13.) Therefore, this Court finds that Petitioner has shown cause excusing his procedural default.

The Government does not contest that Petitioner suffered "actual prejudice" from this Court's reliance on the Guidelines residual clause. (Dkt. No. 15 at 9.) Prejudice is shown when "there is a reasonable probability" that the result of a petitioner's sentencing would have been different without the error to which the petitioner failed to object. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). In sentencing Petitioner to 130 months of imprisonment, this Court adopted Probation's findings and recommendation of 155 to 188 months' imprisonment and then varied downward; had Petitioner not been deemed a career offender, Probation would have recommended 100 to 125 months. *Gilbert I*, Dkt. No. 790 at 18, 20. Therefore, it is highly probable that Petitioner's sentence would have been lower had this Court not erred in sentencing him under the Guidelines' residual clause.

Petitioner's claim is therefore not procedurally defaulted.

### D. Retroactivity

In *Welch*, the Supreme Court held that *Johnson* applies retroactively to defendants challenging an enhanced ACCA sentence on collateral review. But the Government argues that *Welch* has no bearing on the application of *Johnson* to Petitioner's collateral challenge to his enhanced *Guidelines* sentence. Although the Government admits that *Johnson* applies to the Guidelines residual clause, it argues that it does not do so retroactively.

//

### 1. Substantive and Procedural Rules

*Teague v. Lane*, 489 U.S. 288 (1989), provides the "framework for retroactivity in cases on collateral review." *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016). Under *Teague*, new "substantive" rules apply retroactively on collateral review, while new "procedural" rules almost never do. *Teague*, 489 U.S. at 310–13. In *Welch*, the Court explained that the determination of whether a rule is substantive or procedural depends on "whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes." 136 S. Ct. at 1266. The Court found that procedural rules are those that, for instance, "allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision." *Id.* at 1265 (internal citation omitted). The Court therefore concluded that "*Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act." *Id.* at 1265. Instead, the Court held that *Johnson* was a substantive decision because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.*

The Government argues that in the sentencing context, a new rule is only substantive when it alters the "statutory sentencing range for a crime that results in a sentenced defendant facing 'a punishment that the law cannot impose.'" (Dkt. No. 15 at 13) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004)). Therefore, no sentence under the Guidelines could be substantive, because a Guidelines sentence can never exceed the statutory maximum; it can never, in other words, be a "punishment the law cannot impose." USSG § 5G1.1 But Respondent's argument misinterprets the Court's language in *Schriro*—it gets it backwards. In *Schriro*, the Court held that a new rule which "necessarily carries a significant risk that a defendant…faces a punishment that the law cannot impose" is substantive, not that substantive rules necessarily carry this risk. 542 U.S. at 352.

Case 2:12-cr-00237-JCC   Document 942   Filed 06/23/16   Page 7 of 10

Respondent is therefore advocating for a too-narrow definition of substantive rules, one that is contrary to the Supreme Court's holding in *Welch*. Again, as the *Welch* Court made clear, a new rule will be substantive so long as it "alters… the range of conduct or class of persons that the law punishes," as opposed to simply altering "the procedures used to obtain the conviction."

### 2.    The Guidelines Remain the Lodestone of Sentencing

Under this broader definition, *Johnson* announced a new substantive rule in the Guidelines context as well, because the application of *Johnson* to the Guidelines will alter the "range of conduct or class of persons that the law punishes." That is so because the Guidelines, although advisory, "remain the lodestone of sentencing." *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013). In *Peugh*, the Supreme Court found "considerable empirical evidence indicating that the Sentencing Guidelines have the intended effect of influencing the sentences imposed by judges." *Id*. The Court enumerated its findings: that when a Guidelines range moves up or down, "offenders' sentences move with it"; that in less than one-fifth of cases did district courts impose sentences outside the Guidelines range without a Government motion; and that in the "vast majority" of cases, district courts imposed sentences within the Guidelines range, or, on a Government motion, that varied downward from that range. *Id.*

Petitioner's own sentence was enhanced because this Court adopted Probation's recommendation that he be sentenced as a career offender. Again, the Government admits that Petitioner was sentenced as a career offender under the Guidelines residual clause, and it admits that this clause is now unconstitutionally vague. As a result, after *Johnson*, defendants like Petitioner will no longer be deemed career offenders and will most likely be given shorter sentences. *Johnson* therefore altered the "range of conduct or class of persons" that the Guidelines punish.

Nonetheless, the Government argues that because the Guidelines are advisory, courts can still choose to give offenders the same sentence now as they would have under the Guidelines residual clause, and therefore *Johnson* must be procedural in the Guidelines context. But this

argument is contrary to recent Supreme Court precedent.

In *Montgomery v. Louisiana*, the Court held that the new rule established in *Miller v. Alabama*, 132 S. Ct. 2455 (2012)—that juveniles could not be sentenced to life without parole without accounting for their youth—was substantive and therefore retroactive. 136 S. Ct. 718, 725, 736 (2016). Although the Court acknowledged that some juveniles would still be sentenced to life without parole even with this special consideration, many would not be. *Id.* at 734. And because many would not be, the Court found that *Miller* established a new substantive rule, not a procedural one. *See id.* ("The fact that life without parole could be a proportionate sentence for [some juvenile offenders] does not mean that all other children imprisoned under a disproportionate sentence have not suffered the deprivation of a substantive right.").

In light of courts' reliance on the Guidelines, *Johnson* will likely have the same effect. Many defendants who would have been deemed career offenders under the Guidelines residual clause will now be given reduced sentences. The fact that some of their sentences will *not* be reduced does not, after *Montgomery*, mean that *Johnson* created anything but a new substantive rule.

### 3. Ninth Circuit Precedent: *Reina-Rodriguez v. United States*

This Court's decision is also guided by controlling precedent. In *Reina-Rodriguez v. United States*, the Ninth Circuit held that its opinion in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007), which limited the ACCA's definition of burglary, announced a new substantive rule. 655 F.3d 1182, 1189 (9th Cir. 2011). As a result, the court found that it applied retroactively on collateral review in a case where the petitioner was challenging a *Guidelines* calculation, not a sentence under the ACCA. *Id.*

In its retroactivity determination, the *Reina-Rodriguez* court did not distinguish between a sentence under the ACCA and one under the Guidelines; in both cases, the new rule was substantive because it "altered the conduct that substantively qualifies as burglary." *Id*. For this reason, a court in the District of Oregon recently found that *Reina-Rodriguez* required it to hold

that *Johnson* applies retroactively to sentences under the Guidelines residual clause. *United States v. Dean*, No. 3:13-CR-00137-SI, 2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016). This Court agrees, and finds that under *Reina-Rodriguez*, when a new rule is substantive as applied to the ACCA, it is also substantive as applied to the Guidelines. *See id.* ("Under the Ninth Circuit's decision, a rule that is substantive in the first context is substantive in the second context.").

The Government admits that its position "is in tension with *Reina-Rodriguez v. United States*." (Dkt. No. 15 at 16.) But it argues that *Reina-Rodriguez* is not binding because the court in that case did not consider the argument the Government raises here: That a new rule invalidating a Guidelines provision cannot be substantive since a Guidelines sentence can never exceed the statutory limit. But this Court has already explained that the Government's narrow definition of substantive rules misinterprets Supreme Court precedent.

This Court also agrees with the district court in *Dean* that *Johnson*'s invalidation of the Guidelines residual clause quite simply does not resemble a procedural rule. As in *Dean*, Petitioner's "prior state court conviction for fleeing law enforcement no longer constitutes a 'crime of violence' for purposes of the Guidelines' residual clause." *Dean*, 2016 WL 1060229, at *16.  Thus, *Johnson* "does not 'regulate only the *manner of determining* the defendant's culpability' like a procedural rule would." *Id.* (quoting *Schriro*, 542 U.S. at 353). Rather, it "substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines." *Id.*

### 4. Vagueness and the Guidelines

Finally, the Government argues that if this Court finds that *Johnson* is a new substantive rule that applies retroactively in the Guidelines context, then it must also recognize an additional new rule: That the Guidelines can be challenged as unconstitutionally vague. This Court disagrees.

First, the Ninth Circuit has *already held* that the Guidelines can be challenged as unconstitutionally vague. *United States v. Johnson*, 130 F.3d 1352, 1354 (9th Cir. 1997). Second,

*Reina-Rodriguez* provides that new rules that are substantive as applied to the ACCA are substantive as applied to the Guidelines. And third, the Supreme Court held in *Johnson* that the residual clause in the ACCA was "vague in all its applications;" further, the Government admits that the ACCA residual clause is identical to the Guidelines residual clause, and that *Johnson* applies to the latter clause as well.

Therefore, to apply *Johnson* to this case, this Court need only recognize that *Johnson* created a new substantive rule that invalidates the Guidelines residual clause. No additional new rule need be recognized.

## III.  CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, correct, or set aside his sentence (Dkt. No. 1) is GRANTED. This Court VACATES and SETS ASIDE the Judgment: *Gilbert I*, Dkt. No. 806. This Court will resentence Petitioner, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

DATED this 23rd day of June 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE