THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUCHELL GILBERT,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C18-0798-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Ruchell Gilbert's petition pursuant to 28 U.S.C. section 2255 (Dkt. No. 1), the Government's response (Dkt. No. 12), and Petitioner's motion to seal (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Petitioner's section 2255 petition (Dkt. No. 1) and Petitioner's motion to seal (Dkt. No. 14) for the reasons explained herein.

**I.    BACKGROUND**

The parties do not dispute the material facts at issue in this matter.[1] In his underlying criminal case, Petitioner pled guilty to one count of conspiracy to distribute controlled substances and one count of being a convicted felon in possession of a firearm. (Dkt. No. 12-1 at 2–11.) *See*

---

[1] For that reason, it is unnecessary for the Court to hold an evidentiary hearing.

*United States of America vs. Ruchell Gilbert*, Case No. CR12-0237-JCC, Dkt. No. 573 (W.D. Wash. Sept. 9, 2013). The Court sentenced Petitioner to 130 months of imprisonment. Case No. CR12-0237-JCC, Dkt. No. 806. Petitioner appealed the Court's sentencing guideline calculation, which the Court of Appeals denied based on the waiver of appeal contained in Petitioner's plea agreement. (Dkt. No. 12-1 at 13.)

Petitioner subsequently filed a section 2255 petition, arguing that his sentence should be recalculated based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551, 2563, (2015).[2] Case No. CR12-0237-JCC, Dkt. No. 931. The Court granted Petitioner's section 2255 motion and resentenced him to 125 months of imprisonment. (Dkt. No. 12-1 at 26); *see also* Case No. CR12-0237-JCC, Dkt. No. 942. At resentencing, the Court did not articulate the advisory guidelines range or total offense level. Case No. CR12-0237-JCC, Dkt. No. 942.[3]

Petitioner instructed his counsel to appeal the Court's new sentence. (Dkt. No. 4-1 at 3, 7.) Defense counsel agreed to file a notice of appeal, but told Petitioner he would first file a motion for reconsideration asking the Court to specify the guidelines calculation underlying its sentence. (*Id*. at 7.) Defense counsel additionally advised Petitioner, incorrectly, that filing a motion for reconsideration would toll the 14-day deadline for filing a notice of appeal. (*Id*. at 8.) Defense counsel waited until after the Court denied Petitioner's motion for reconsideration to file a notice of appeal. (*Id*.); *see also* Case No. CR12-0237-JCC, Dkt. No. 982.

The Ninth Circuit Court of Appeals dismissed Petitioner's appeal as untimely. Case No. CR12-0237-JCC, Dkt. No. 1040; *see United States of America v. Ruchell Gilbert*, Case No. 17-

---

[2] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, defining "violent felony," was unconstitutionally vague. 135 S. Ct. at 2557. Petitioner argued that a parallel definition of "crime of violence" in the U.S. Sentencing Guidelines was similarly vague and that his sentence should thus be invalidated. Case No. CR12-0237-JCC, Dkt. No. 942. Although the Court agreed with Petitioner's reasoning, the U.S. Supreme Court subsequently held that its ruling in *Johnson* does not apply to the Sentencing Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

[3] The Court subsequently issued a statement of reasons that listed Petitioner's base offense level and guideline range.

30024 (9th Cir. Jan. 19, 2018). In its order, the Ninth Circuit rejected Petitioner's argument that a motion for reconsideration tolled the deadline for filing a notice of appeal. *Id*. The Ninth Circuit also stated that its order "does not foreclose [Petitioner] from filing a 28 U.S.C. § 2255 motion in the district court based on a claim of ineffective assistance of counsel for failing to file a timely notice of appeal . . ." *Id*.

Petitioner filed this section 2255 petition asserting that he received ineffective assistance of counsel when his counsel failed to file a timely notice of appeal. (Dkt. No. 1 at 4.) Petitioner asks the Court to vacate his judgment and sentence and re-enter it *nunc pro tunc*, so that he can file a timely appeal. (*Id*. at 12.) The Government has filed a response in opposition to Petitioner's motion, arguing that Petitioner was not prejudiced by his counsel's failure to file a timely appeal. (Dkt. No. 12 at 1.)

## II. DISCUSSION

### A. Legal Standard

To state a cognizable section 2255 claim, a petitioner must assert that he or she is in custody in violation of the Constitution or the laws of the United States, that the district court lacked jurisdiction, that his sentence exceeded the maximum allowed by law, or that his sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner bears the burden to show by a preponderance of the evidence that an error occurred. *See Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938); *Simmons v. Blodgett*, 110 F.3d 39, 41–42 (9th Cir. 1997).

### B. Petitioner's Claim

Petitioner asserts that his judgment and sentence should be vacated and reentered because his counsel's failure to file a timely notice of appeal amounted to ineffective assistance of counsel. (Dkt. No. 1 at 4.) The Government argues that Petitioner cannot demonstrate ineffective assistance of counsel because he cannot show that he was prejudiced by his counsel's failure to file a timely appeal, and that prejudice should not be presumed. (Dkt. No. 12 at 5.)

To prevail on an ineffective assistance claim, a petitioner must show that counsel's

representation "fell below an objective standard of reasonableness" and that the deficient performance caused the petitioner to be prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). The Supreme Court has held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Ninth Circuit has similarly held that an attorney's failure to follow his client's request to file an appeal is *per se* ineffective assistance of counsel, regardless of the merits of the appeal. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197–98 (9th Cir. 2005).

Here, it is undisputed that Petitioner instructed his counsel to file a notice of appeal and that his counsel filed an untimely appeal that was subsequently dismissed on that basis. (Dkt. Nos. 4-1 at 3, 7, 8; 12-1 at 13.) The Court concludes, and the Government does not appear to dispute, that defense counsel's failure to file a timely appeal after being instructed to do so by Petitioner was professionally unreasonable.

The Government instead argues that Petitioner cannot show that his counsel's failure to file a timely appeal caused him prejudice. Specifically, the Government asserts that a presumption of prejudice should not apply to Petitioner's ineffective assistance claim because defense counsel did not disregard Petitioner's instructions to appeal, but merely committed "attorney error" by filing an untimely notice of appeal. (Dkt. No. 12 at 5) (citing *Flores-Ortega*, 528 U.S. at 483). The Government goes on to argue that Petitioner cannot demonstrate actual prejudice because his plea agreement contained a waiver of appeal, which the Ninth Circuit found valid when Petitioner appealed his original sentence. (*Id*. at 6; Dkt. No. 12-1 at 13.)

The Government's position is not supported by the Supreme Court's holding in *Flores-Ortega* or the Ninth Circuit's holding in *Sandoval-Lopez*. In *Flores-Ortega*, the Supreme Court determined that a presumption of prejudice applies to ineffective assistance claims where counsel's deficient performance deprives a defendant "of the appellate proceeding all together." 528 U.S. at 483. Comparing such situations to cases in which defendants are deprived of counsel

during a critical stage of the proceedings, the Supreme Court noted that "[t]he even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." *Id*. The Supreme Court ultimately held that in such cases a presumption of prejudice applies where a defendant demonstrates "that there is a reasonable probability that, but for counsel's deficient failure to consult him about an appeal, he would have timely appealed." *Id*.

While based on slightly different facts, the Supreme Court's holding in *Flores-Ortega* warrants applying a presumption of prejudice to this case. Here, Petitioner instructed his counsel to appeal the Court's resentencing, and but for defense counsel's deficient performance—his mistaken belief that filing a motion for reconsideration would toll the time to appeal—Petitioner would have filed a timely appeal. Although *Flores-Ortega* dealt with a scenario in which counsel failed to consult her client about whether to appeal, the effect of counsel's error in this case was functionally equivalent—counsels' deficient performance deprived defendant from receiving an appeal.[4] *See Sandoval-Lopez*, 409 F.3d 1197 ("The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.") In other words, the Court fails to see why a presumption of prejudice should not apply in a case such as this, where defense counsel's error caused Petitioner's appeal to be dismissed as untimely.

For those reasons, the Court finds that Petitioner has demonstrated that his counsel provided ineffective assistance of counsel when he failed to file a timely appeal. Therefore, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to section 2255 (Dkt. No. 1) is GRANTED. The Court additionally GRANTS Petitioner's motion to seal (Dkt. No. 14). The exhibit Petitioner requests to seal contains sensitive personal identifying information which should not be disclosed to the public.

---

[4] In this case, the Ninth Circuit was clear that it dismissed Petitioner's appeal solely for being untimely. (*See* Dkt. No. 12-1 at 13.)

## III. CONCLUSION

In accordance with the above rulings, the Court ORDERS as follows:

1. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to section 2255 (Dkt. No. 1) is GRANTED. The Court vacates and reenters Petitioner's judgment and sentence for the sole purpose of allowing Petitioner to file a notice of appeal.

2. Petitioner's motion to seal (Dkt. No. 14) is GRANTED. The Clerk is DIRECTED to maintain Docket Number 15 under seal for the pendency of this case.

3. The Clerk is DIRECTED to send a copy of this order to Petitioner.

DATED this 24th day of September 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE