THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>    v.<br><br>RUCHELL GILBERT,<br><br>           Defendant. | CASE NO. CR12-0237-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Ruchell Gilbert's motion for compassionate release (Dkt. No. 1229), the Government's motion for leave to file an overlength response (Dkt. No. 1235), and the parties' motions to seal (Dkt. Nos. 1230, 1237). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Gilbert's motion for compassionate release (Dkt. No. 1229) and GRANTS the Government's motion for leave to file an overlength response (Dkt. No. 1235) and the parties' motions to seal (Dkt. Nos. 1230, 1237) for the reasons explained herein.

I.   **BACKGROUND**

In 2013, Mr. Gilbert pleaded guilty to conspiracy to distribute controlled substances and being a felon in possession of a firearm. (Dkt. Nos. 298, 571, 573, 623.) Mr. Gilbert participated in a conspiracy, led by co-defendant Herman Roche, to distribute oxycodone pills throughout Western Washington. (*See* Dkt. Nos. 573 at 5, 790 at 7–8.) On one occasion, Mr. Gilbert sold

360 Percocet pills to an FBI confidential source, and when he was later arrested on a separate warrant following a traffic stop, law enforcement discovered over 650 Percocet pills and $4,735 in cash proceeds of drug trafficking in Mr. Gilbert's possession. (Dkt. No. 573 at 5.) While incarcerated at the King County jail, he contacted another co-conspirator about selling a second co-conspirator the rest of his supply—about 1,400 pills that he left with the first co-conspirator prior to his arrest. (*See* Dkt. No. 573 at 5, 790 at 8.) Mr. Gilbert's convictions followed a lengthy criminal history including prior convictions for assault in the first degree, robbery in the second degree, and attempting to elude a pursuing police vehicle. (*See* Dkt. No. 790 at 10–15.)

The Court sentenced Mr. Gilbert to 130 months of confinement followed by three years of supervised release. (Dkt. No. 806 at 2–3.) The Court concluded 130 months was appropriate given Mr. Gilbert's lengthy and violent criminal history, which was worse than Mr. Roche's, but also the desire to sentence Mr. Gilbert to less time than Mr. Roche (who received 144 months) because of Mr. Gilbert's lesser role in the conspiracy. (Dkt. No. 854 at 17–18.) After Mr. Gilbert filed a successful motion to vacate his sentence based on an intervening change in relevant sentencing law, the Court imposed 125 months of confinement, finding that the reduced applicable guidelines range did not alter the Court's analysis but a five month reduction was appropriate due to Mr. Gilbert's good behavior in prison. (Dkt. No. 967 at 2–3, 985 at 12.) At Mr. Gilbert's second resentencing, the Court imposed 125 months for the same reasons. (Dkt. Nos. 1175, 1182 at 10–12.)

Mr. Gilbert has now served about 93 months and is confined at Lompoc USP with a projected release date of May 23, 2022. (*See* Dkt. No. 1229 at 2.) He moves for a reduction of his sentence to time served under 18 U.S.C. § 3582(c)(1), arguing that his obesity and other medical conditions elevate his risk of severe illness from COVID-19. (*See generally* Dkt. No. 1229.) The Government opposes release, arguing that Mr. Gilbert would pose a danger to the community and the 18 U.S.C. § 3553(a) factors do not weigh in favor of release. (*See generally* Dkt. No. 1236.)

ORDER
CR12-0237-JCC
PAGE - 2

## II. DISCUSSION

### A. Motion for Reduction in Sentence

The Court may reduce a term of imprisonment only if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i).[1] The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). The Sentencing Commission's relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is not "applicable" to a motion for a reduction in sentence filed by a defendant directly (rather than by the Bureau of Prisons) and therefore does not constrain the Court's discretion. *See United States v. Aruda*, No. 20-10245, 2021 WL 1307884, slip op. at 4 (9th Cir. Apr. 8, 2021)*; United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Maumau*, No 20-4056, 2021 WL 1217855, slip op. at 12 (10th Cir. Apr. 1, 2021).

However, even if the policy statement is not binding, the Court may consider it in the exercise of its discretion. *See Aruda*, 2021 WL 1307884, slip op. at 4; *Gunn*, 980 F.3d at 1180. The policy statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release, USSG § 1B1.13(2), and the Court finds that to be an appropriate consideration. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

---

[1] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL 7383648 (6th Cir. 2020). Mr. Gilbert has satisfied this requirement. (*See* Dkt. No. 1229 at 5, 1229-1, 1236 at 11.)

Medical conditions may represent extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). When an inmate has health conditions that make them significantly more vulnerable to complications from COVID-19, that likewise may constitute an extraordinary and compelling circumstance. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).

Mr. Gilbert argues that because of his obesity and other medical conditions including prediabetes, high cholesterol, and a family history of premature death from circulatory disease, he is at increased risk for serious illness from COVID-19. (*See* Dkt. No. 1129 at 2–3, 5–6.) The Government concedes that, according to the CDC, Mr. Gilbert's obesity increases his risk of severe illness from COVID-19, but it points out that his other conditions have not been identified as ones that independently increase his risk from the virus. (Dkt. No. 1236 at 11–12.) More importantly, the Government argues, inmates and staff at BOP facilities, including Lompoc USP, have been receiving the COVID-19 vaccine. (*Id.* at 13.) Indeed, vaccines are being administered at Lompoc USP, and the BOP is currently reporting zero positive cases among inmates and staff. *See* https://www.bop.gov/coronavirus/index.jsp (last visited April 20, 2021). However, the Court need not decide whether Mr. Gilbert's risk of a severe illness from a COVID-19 infection qualifies as an extraordinary and compelling circumstance because Mr. Gilbert has failed to demonstrate that he would not present a danger to the community upon release or that a reduction in his sentence would be consistent with 18 U.S.C. § 3553(a).

In assessing whether Mr. Gilbert would represent a danger to the community upon release, the Court looks to the nature and circumstances of the underlying offense, his history and characteristics, and the nature of the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). Mr. Gilbert conspired to distribute a

significant quantity of prescription pills in Western Washington and unlawfully possessed a firearm. The nature and circumstances of these serious crimes are more concerning in light of Mr. Gilbert's lengthy criminal history, including an assault in the first degree, where the victim died, and a robbery in the second degree, where Mr. Gilbert's co-defendant shot the victim twice. (Dkt. No. 790 at 11–12.) Given the nature of Mr. Gilbert's offense and his criminal history, the Court FINDS that he would present a danger to the community upon release.

Further, the section 3553(a) factors do not weigh in favor of release. These factors include the nature and circumstances of the underlying offense, the history and characteristics of the offender, the need for the sentence imposed, the applicable sentencing range, pertinent policy statements, and avoidance of sentencing disparities. *See* 18 U.S.C. § 3553(a). The Court weighed these factors as recently as 2019 and determined that a sentence of 125 months was appropriate, with a particular emphasis on Mr. Gilbert's lengthy criminal history. That analysis has not changed. Mr. Gilbert points out that Mr. Roche, who led the conspiracy, was granted compassionate release in December 2020. (Dkt. No. 1229 at 6-7.) But Mr. Roche and Mr. Gilbert have different criminal records and medical conditions, and therefore, any disparity between their sentences and the rulings on their compassionate release motions is not unwarranted. On balance, the section 3553(a) factors weigh against reducing Mr. Gilbert's sentence as such a reduction would not promote respect for the law, provide adequate deterrence, or sufficiently protect the public.[2]

**B. Motions to Seal and Motion to File Overlength Brief**

Mr. Gilbert and the Government both move to seal exhibits that contain Mr. Gilbert's medical records, Presentence Investigation Reports, and prison disciplinary record. (Dkt. Nos.

---

[2] Mr. Gilbert also argues that the section 3553(a) factors weigh in favor of a sentence reduction because Mr. Gilbert did not get full credit against his federal sentences for all his time served on a state sentence. (Dkt. No. 1240 at 3–4.) But at Mr. Gilbert's second resentencing in 2019 the Court already declined to reduce his sentence based on the uncredited time served on his state sentence, (*see* Dkt. No. 1182 at 10), and the Court does not see a reason to reconsider that decision.

1230, 1237.) The Court finds the need to maintain the confidentiality of such records is a compelling reason that outweighs the public's interest in disclosure. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017); *Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990). Accordingly, the Court GRANTS the motions.

Additionally, the Government moves to file an overlength response brief. (Dkt. No. 1235.) The Court FINDS that a response brief of 16 pages is reasonable in these circumstances and GRANTS the motion.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for a sentence reduction (Dkt. No. 1229) and GRANTS the parties' motions to seal (Dkt. Nos. 1230, 1237) and the Government's motion for leave to file an overlength response (Dkt. No. 1235). The Clerk is DIRECTED to maintain Docket Numbers 1231 and 1238 under seal until further order of the Court.

DATED this 21st day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE